IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

ALEX PICKETT,

                Plaintiff,           Case No. 3:08 CV 2553

-vs-

                                        <u>MEMORANDUM OPINION</u>

OFFICE OF DISABILITY
ADJUDICATION AND REVIEW,

                Defendant.

KATZ, J.

**I. Introduction**

This case comes before the Court on Defendant's[1] motion to dismiss under Federal Rules of Civil Procedure 4, 11, 12(b)(1), (2), (6), and (7). (Doc. 9). *Pro se* Plaintiff Alex Pickett filed an opposition. (Doc. 10).

As explained below, under the derivative jurisdiction doctrine, this Court lacks jurisdiction because Plaintiff originally brought this case in the Lucas County Court of Common Pleas, and not federal court. The Court grants Defendant's motion to dismiss (Doc. 9) and dismisses the case without prejudice.

**II. Background**

    **A. Facts**

In 2008, Pickett received a diagnosis of distal myopathy, a rare form of muscular dystrophy affecting the distal muscles, which are the muscles farthest from the center of the body. After receiving this diagnosis, Pickett attributes the pain that he has experienced since 2002 to distal myopathy. In his Complaint, Pickett describes a series of doctors' visits beginning in 2002

---

[1] Pickett's initial Complaint named the Office of Disability Adjudication and Review as the Defendant. In his response opposing Defendant's motion to dismiss, Pickett correctly named the Commissioner of Social Security as required by 42 U.S.C. § 405(g).

for chronic pain. Pickett believes that he showed signs of distal myopathy in 2002 and that his doctors missed the signs because they lacked the cultural competence to communicate properly with him as an African American.

From the Court's reading of Pickett's Complaint, Pickett alleges that an inability to receive culturally competent healthcare led to a denial of his application for Social Security benefits. In 2005, Pickett filed an application for Social Security benefits alleging a disability beginning July 7, 2002. The Office of Disability Adjudication and Review ("ODAR"), part of the Social Security Administration ("SSA"), denied Pickett's claims for benefits in 2005. In early 2006, Pickett made a written request to the ODAR for a hearing, which the ODAR conducted on October 24, 2007. The hearing resulted in the Administrative Law Judge ("ALJ") concluding that Pickett was not disabled under the Social Security Act. The ODAR denied Pickett's administrative appeal of the ALJ's decision and informed Pickett of his right to seek judicial review in the United States District Court. (Doc. 9 at Exhibit 2). It appears to the Court that Pickett alleges that the lack of proper medical care led to a delayed diagnosis and therefore, the agency based its denial decision on incorrect medical information provided by the doctors.

**B. Procedural History**

On October 6, 2008, Pickett filed a *pro se* Complaint against ODAR in the Lucas County Court of Common Pleas. (Doc. 1 at Exhibit A). On October 28, 2008, Defendant filed a notice of removal to this Court under 28 U.S.C. §§ 1442[2] and 1446. (Doc. 1). On December 03, 2008, Defendant filed a motion to dismiss under FED. R. CIV. P. 4, 11, 12(b)(1), (2), (6), and (7). (Doc.

---

[2] § 1442 provides a broad basis for a federal agency to remove a case to federal court. *See City of Cookeville v. Upper Cumberland Elec. Mbrshp. Corp.*, 484 F.3d 380, 388-91 (6th Cir. 2007).

9). On December 10, 2008, Pickett filed an opposition to Defendant's motion to dismiss. (Doc. 10).

## II. Standard of Review

A defendant filing a Rule 12(b)(1) motion to dismiss can attack jurisdiction either facially or factually. *See DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004) (citing *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1133-35 (6th Cir. 1996); *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994); *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)). A facial attack requires a court to consider the plaintiff's allegations as true. *Id.* A factual attack, however, requires the court to weigh the evidence relating to subject matter jurisdiction. *Id.* Additionally, the plaintiff bears the burden of proving the existence of subject-matter jurisdiction. *Id.*

## III. Discussion

In its memorandum in support, Defendant makes the following arguments supporting the motion to dismiss: (1) Pickett failed to sign the Complaint as required by Fed. R. Civ. P. 11(a); (2) the Court lacks subject-matter jurisdiction under 12(b)(1); (3) Pickett fails to state a claim under 12(b)(6); (4) Pickett failed to name the proper party to challenge an adverse disability determination; and (5) the Court lacks *in personam* jurisdiction due to improper service. (Doc. 9).

This Court will address the Defendant's attack on subject-matter jurisdiction first because it is a prerequisite to addressing Defendant's other arguments. "'Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle,* 74 U.S. 506, 7 Wall. 506, 514, 19 L. Ed. 264 (1869)); s*ee also Moir v. Greater*

*Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990) (explaining that a 12(b)(1) motion should be considered first because a lack of jurisdiction renders other issues moot).

Defendant argues that this Court lacks subject-matter jurisdiction because of the derivative jurisdiction doctrine. (Doc. 9 at 4). The derivative jurisdiction doctrine originates from a decision by the United States Supreme Court in *Lambert Run Coal Co. v. Baltimore & Ohio Railroad Co.*, 258 U.S. 377, 382 (1922). Under the doctrine, in cases removed from state courts, the federal court acquires the state court's jurisdiction. *See Palmer v. City Nat'l Bank*, 498 F.3d 236, 244 (4th Cir. 2007). If the state court lacked jurisdiction, then the federal court also lacks jurisdiction. *Id.* The federal court lacks jurisdiction "even if the reason the state court lacked jurisdiction is that the complaint lies within the exclusive jurisdiction of the federal courts." *Nordlicht v. New York Tel. Co.*, 799 F.2d 859, 863 (2nd Cir. 1986) (citing *Freeman v. Bee Machine Co.*, 319 U.S. 448 (1943); *Lambert Run Coal Co. v. Baltimore & Ohio Rail.*, 258 U.S. 377 (1922)). As a result, a federal court might lack jurisdiction because of the derivative jurisdiction doctrine even in situations where the federal court would have had jurisdiction had the plaintiff initially brought the case in federal court. *See Taylor v. United States*, 2006 WL 2037392 at \*\*1-2 (W.D. Ky. July 18, 2006) (dismissing *pro se* complaint removed from state court under § 1442 because district court had exclusive jurisdiction). One rationale for the doctrine is that "[w]here Congress has provided for exclusive jurisdiction over a cause of action in the federal courts, it is not unreasonable to require the plaintiff to comply with the various procedural requirements governing commencement of the action in federal court." *Salveson v. Western States Bankcard Asso.*, 525 F. Supp. 566, 579 n.12 (N.D. Cal. 1981).

Criticism of the derivative jurisdiction doctrine, however, led Congress to abrogate the doctrine for cases removed under the general removal statute of § 1441. *See Palmer*, 498 F.3d at

244-46 (discussing the history of the doctrine and the criticisms that led to Congressional amendments of § 1441). The court in *North Dakota v. Fredericks*, 940 F.2d 333, 336 (8th Cir. 1991) explained that the doctrine led to illogical results that multiplied judicial proceedings because nothing, other than the possibility of the statute of limitation running, stopped the Plaintiff from refiling the case in federal court. *Id.* The original amendment to § 1441 abrogating the doctrine stated that "the court to which such civil action is removed is not precluded from hearing and determining any claim in such action because the State court from which such civil action is removed did not have jurisdiction over that claim." *See* Judicial Improvements Act of 1985, Pub. L. No. 99-336, § 3, 100 Stat. 633, 637 (1986) (codified as amended at 28 U.S.C. § 1441(f) (2006)). Although the amendment cast doubt on the vitality of the derivative jurisdiction doctrine for cases removed under other statutes, most courts interpreted the amendment as abrogating the doctrine only for cases removed under §1441. *See Smith v. Cromer*, 159 F.3d 875, 879 (4th Cir. 1998); *Elko County Grand Jury v. Siminoe*, 109 F.3d 554, 555 (9th Cir.), *cert. denied*, 522 U.S. 1027 (1997); *Edwards v. United States Dep't of Justice*, 43 F.3d 312, 315 (7th Cir. 1994); *Moreland v. Van Buren GMC*, 93 F. Supp. 2d 346, 354 (E.D.N.Y 1999). Only the Eighth Circuit in *Fredericks* applied the policy underlying the amendment to 1441 to all removal statutes and "abandoned completely" the doctrine. 940 F.2d at 338.

The current version of § 1441, however, appears to close the door on any doubt as to whether the amendment to § 1441 abrogates the derivative jurisdiction doctrine for cases removed under other statutes. § 1441(f) now states, "[t]he court to which a civil action is removed *under this section* is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim." Courts interpreting §1441(f) have concluded that the additional language added to 1441(f) makes

5

clear that the amendment applies only to cases removed under § 1441. *See e.g. Palmer*, 498 F.3d at 246 (concluding that "the plain language of § 1441(f) limits the abrogation of derivative jurisdiction to removals under § 1441"); *Barnaby v. Quintos*, 410 F. Supp. 2d 142, 144 (S.D.N.Y. 2005) (concluding that "Congress left no doubt that Section 1441(f) applies only to removals under Section 1441 and not to removals under any other section of the United States Code"). *See also Glorvigen v. Cirrus Design Corp.* 2006 WL 3043222 at * 3 (D. Minn. Oct. 24, 2006) (recognizing § 1441(f) itself would preclude abolishing the doctrine although still determining *Fredericks* as controlling precedent because *Fredericks* abolished the judicially created doctrine based on policy and not based on any specific statute).

The Sixth Circuit Court of Appeals provides little guidance regarding the status of the derivative jurisdiction doctrine for cases removed under statutes other than §1441. In *Federal Nat. Mortg. Ass'n v. LeCrone*, 868 F.2d 190, 192 n.4 (6th Cir. 1989), the court suggested that the original amendment to §1441 entirely abrogated the doctrine. In *LeCrone*, the government agency removed the case under § 1442 and while the court applied the doctrine, it noted, "Congress has abolished the doctrine of derivative jurisdiction by statute. [citation omitted]. The instant action, however, was commenced before the effective date of section 1441(e) thus we must apply the doctrine in the case at bar." *Id. See also Carpenter v. Dalrymple*, 894 F.2d 407 (6th Cir. 1990) (unpublished) (relying on original amendment to § 1441 in not applying derivative jurisdiction doctrine in case removed under §§ 1441, 1442, and 1446). While the Court of Appeals has not addressed the effect of §1441(f) on the application of the doctrine for cases removed under § 1442, district courts in this circuit have concluded the doctrine remains applicable. *See Graber v. Astrue*, 2009 WL 728564 at * 4 (S.D. Ohio Mar. 17, 2009); *Ohio ex rel. Griffin v. Smith*, 2007 WL 1114252 at * 1 (S.D. Ohio April 12, 2007); *Taylor v. United States*, 2006 U.S. 2006 WL 2037392 at * 2 (W.D. Ky. July 18, 2006). Any suggestion by the Court of Appeals that the doctrine no

6

longer applies to cases removed under §1442 appears based in the statutory language of the original amendment to § 1441 and thus seems no longer applicable based on the more specific language of § 1441(f). Accordingly, the Court finds that the derivative jurisdiction doctrine still applies to cases removed under § 1442.

Defendant properly removed this case under § 1442; therefore, this Court lacks subject-matter jurisdiction over Pickett's claim unless the Lucas County Court of Common Pleas has subject-matter jurisdiction. A state court lacks jurisdiction over a claim against a federal agency unless Congress waives sovereign immunity. *See Zhen-Hua Gao v. Jenifer*, 185 F.3d 548, 554 (6th Cir.1999) ("'Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.'" (quoting *Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 260 (1999))).

In this case, the Social Security Act defines the extent of the waiver for judicial review of the agency's final decision. Under the Social Security Act, judicial review "shall be brought in the district court of the United States for the judicial district in which the plaintiff resides …." 42 U.S.C. § 405(g). The waiver of immunity found in § 405(g) does not extend to Lucas County Court of Common Pleas. As a result, the Lucas County Court of Common Pleas lacked jurisdiction and this Court cannot acquire jurisdiction upon removal.

### IV. Conclusion

For the above reasons, the Court finds that it lacks subject-matter jurisdiction over the case.[3] Therefore, the Court grants Defendant's motion to dismiss (Doc. 9) and dismisses the case without prejudice.

IT IS SO ORDERED.

   s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE

---

[3] A preliminary review of Pickett's Complaint suggests that Pickett's case would have difficulty surviving a 12(b)(6) motion because the Complaint largely consists of his medical history and his frustration with his doctors.